IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY BATES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Civ. No. 16-1190-JDT-egb |
| VS. | ) | Crim. No. 06-10017-JDT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER PARTIALLY DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
AND DIRECTING UNITED STATES TO RESPOND

Before the Court is a *pro se* motion pursuant to 28 U.S.C. § 2255 filed by the Movant, Rodney Bates. At the time he filed the § 2255 motion, Bates was incarcerated at the Federal Correctional Complex Low in Yazoo City, Mississippi.

On March 20, 2006, a federal grand jury returned a one-count superseding indictment charging Bates with possession of "crack" cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a). (No. 06-10017, Crim. ECF No. 1.) He entered a guilty plea on May 11, 2006 (*id.*, Crim. ECF Nos. 17 & 20), pursuant to a written plea agreement (*id.*, Crim. ECF No. 19). At a hearing on August 10, 2006, the Court sentenced Bates to a 188-month term of imprisonment, to be followed by four years of supervised release. (*Id.*, Crim. ECF No. 23.) Judgment was entered on August 14, 2006. (*Id.*, Crim. ECF No. 25.) Pursuant to an appeal waiver in the plea agreement (*id.*, Crim. ECF No. 19 at 2-3), no direct appeal was filed at that time.

Bates subsequently filed a motion for reduction of his sentence after passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010), pursuant to which the

U.S. Sentencing Commission amended the sentencing guidelines applicable to certain drug offenses. (No. 06-10017, Crim. ECF No. 27.) The Court denied that motion on May 16, 2014. (*Id.*, Crim. ECF No. 30.) Bates filed a second *pro se* motion to reduce sentence in accordance with the Sentencing Commission's further amendment of the guidelines in 2014. (*Id.*, Crim. ECF No. 31.) That motion also was denied. (*Id.*, Crim. ECF No. 41.) On December 3, 2015, Bates filed a notice of appeal from the criminal judgment that had been entered in August 2006. (*Id.*, Crim. ECF No. 37.) The Sixth Circuit dismissed the appeal as untimely. *United States v. Bates*, No. 15-6340 (6th Cir. Dec. 18, 2015).

On June 29, 2016, the Clerk received and docketed Bates's *pro se* § 2255 motion, in which he raises the following issues:

1. Whether his attorney rendered ineffective assistance, in violation of the Sixth Amendment, in failing to file a direct appeal after being requested to do so;

2. Whether his attorney rendered ineffective assistance, in violation of the Sixth Amendment, in failing to challenge, at sentencing, the use of two of Bates's prior offenses to erroneously qualify him as a career offender under U.S.S.G. § 4B1.2;

3. Whether *Johnson v. United States*, 135 S. Ct. 2551 (2015), applies to the "residual clause" of the career offender guideline, U.S.S.G. § 4B1.2; and

4. Whether his attorney rendered ineffective assistance, in violation of the Sixth Amendment, in failing to challenge his sentence under the Fair Sentencing Act.

(ECF No. 1 at 4-8.)

On December 19, 2016, President Barack Obama granted Bates executive clemency, commuting his sentence so that it would expire on July 31, 2017, but leaving in place the four-year period of supervised release. (No. 06-100176, Crim. ECF No. 46 at 2.) Therefore, Bates has now

been released from prison. He has not provided the Court with any new address, and his current whereabouts are unknown.

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

The Court will require an answer from the United States to Bates's claims of ineffective assistance of counsel. Although facially time barred pursuant to 28 U.S.C. § 2255(f), Bates appears to contend, without any specific argument, that his ineffective assistance claims are timely under § 2255(f)(4), which provides that the one-year statute of limitations can be triggered on "the date on which the facts supporting the claim or claims presented could have been discovered through the

exercise of due diligence." Therefore, the United States is ORDERED to file a response, within thirty (30) days after the date of this order, to Bates's claims of ineffective assistance of counsel.

With regard to Claim Three, based on *Johnson v. United States*, his § 2255 motion was filed within one year of the Supreme Court's decision in that case; therefore, the claim is timely under 28 U.S.C. § 2255(f)(3).[1]

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), requires a fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and who has three prior convictions "for a violent felony or a serious drug offense, or both." *Id.*, § 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (2) "is burglary, arson, or extortion, involves use of explosives," or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.*, § 924(e)(2)(B)(i)-(ii). The last part of that definition is commonly referred to as the "residual clause." In *Johnson*, the Supreme Court held the ACCA's residual clause was unconstitutionally vague and that increasing a defendant's sentence under the clause was, therefore, a denial of due process. 135 S. Ct. at 2563. The Supreme Court later held the decision in *Johnson* was retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

---

[1] Section 2255(f)(3) provides the one-year limitations period can be triggered on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The decision in *Johnson* was issued on June 26, 2015, and Bates's § 2255 motion indicates that it was placed in the prison mail system on June 15, 2016. (ECF No. 1 at PageID 13.) *See Houston v. Lack*, 487 U.S. 266 (1988).

4

Bates was sentenced not under the ACCA but under the career offender provision of the U.S. Sentencing Guidelines, U.S.S.G. § 4B1.1. The career offender guideline provides that a defendant who is convicted of "a felony that is either a crime of violence or a controlled substance offense" qualifies for an increased sentence if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a). At the time Bates was sentenced, the definition of "violent felony" in the career offender guideline contained a residual clause that was identical to the residual clause in the ACCA. § 4B1.2(a)(2) (2006).[2] Bates thus argues that his sentence is invalid because the residual clause in the career offender guideline is also unconstitutionally vague.

Bates's argument is foreclosed by the decision in *Beckles v. United States*, 137 S. Ct. 886, 892-95 (2017), in which the Supreme Court held "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. at 895. Bates was sentenced under the advisory guidelines, after the decision in *United States v. Booker*, 543 U.S. 220 (2005). Therefore, he is not entitled to relief from his sentence based on *Johnson v. United States.* Accordingly, no response is required from the United States on Claim Three, which is DISMISSED.

IT IS SO ORDERED.

                                                    s/ **James D. Todd**
                                                    JAMES D. TODD
                                                    UNITED STATES DISTRICT JUDGE

---

[2] Following the decision in *Johnson*, the U.S. Sentencing Commission amended § 4B1.2(a)(2) to remove the language that was held to be unconstitutionally vague. *See* Amendment 798 (effective Aug. 1, 2016). However, the Commission has declined to make the amendment retroactive. *See* U.S.S.G. § 1B1.10(d) (2016).