UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY BATES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | No. 16-1190-JDT-jay |
| VS. | ) | Crim. No. 06-10017-JDT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On May 11, 2006, Rodney Bates entered a guilty plea to one count of possessing crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). (No. 06-10017, Crim. ECF Nos. 17 & 19.) At his sentencing hearing on August 10, 2006, the Court determined, based on his criminal history, that Bates qualified for an enhanced sentence under the Career Offender provision of the U.S. Sentencing Guidelines. U.S.S.G. § 4B1.1. He was sentenced to a 188-month term of imprisonment and a four-year period of supervised release. (No. 06-10017, Crim. ECF Nos. 23 & 24.) Pursuant to a waiver in the written Plea Agreement, (*id.* Crim. ECF No. 19), no direct appeal was filed.

Bates subsequently filed two motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The first motion, filed in 2013, was based on the retroactive amendments to the Sentencing Guidelines after passage of the Fair Sentencing Act of 2010. (*Id.* Crim. ECF No. 27.) Bates's second motion for reduction of sentence was filed in 2015 after the Sentencing

Commission promulgated additional retroactive amendments . (*Id.* Crim. ECF No. 31.) Both motions were denied. (*Id.* Crim. ECF Nos. 30 & 41.)

Bates filed this § 2255 proceeding *pro se* on June 29, 2016, raising claims of ineffective assistance of counsel and contending that his sentence is unlawful under the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 1.) In *Johnson*, the Supreme Court held the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is unconstitutionally vague.

This Court found Bates's *Johnson* claim was timely but denied relief on that issue because he was sentenced under the Career Offender guideline instead of the ACCA; thus the claim was foreclosed by the decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). (ECF No. 5 at PageID 21-22.) The Court also noted that Bates's ineffective assistance claims were facially time barred, but he asserted they were timely under § 2255(f)(4); the United States therefore was ordered to respond to those claims. (*Id.* at PageID 20-21.)[1]

Twenty-eight U.S.C. § 2255(f) contains a one-year limitations period:

(f)  A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The Court also noted that Bates was released from prison after being granted executive clemency by President Barack Obama and that his whereabouts were unknown. (*Id.* at PageID 19-20.) Bates still has not notified the Court of his current location.

2

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Bates states in the § 2255 motion that his claims are timely under paragraphs (f)(3) and (f)(4). (ECF No. 1 at PageID 12.) Though the *Johnson* claim was timely under paragraph (f)(3), that provision does not apply to the ineffective assistance claims. The Court therefore presumes the reference to paragraph (f)(4) is meant to encompass the ineffective assistance claims. The United States argues in response that § 2255(f)(4) does not apply and that the doctrine of equitable tolling also should not be applied in this case.

Bates raises three specific claims of ineffective assistance. In the first claim, he contends trial counsel was ineffective in failing to file a direct appeal even though he was requested to do so. (ECF No. 1 at PageID 4.) The second claim asserts that counsel was ineffective for failing to challenge, at sentencing, the use of two of Bates's prior convictions. (*Id.* at PageID 5.)[2] Under § 2255(f)(1), these claims should have been raised within one year after Bates's conviction became final. When no direct appeal is filed, a judgment of conviction becomes final when the time for

---

[2] Bates objects to the use of a 1998 conviction he describes as a juvenile status offense. (*Id.*) The Presentence Investigation Report (PSR) indicates Bates has a 1998 Tennessee conviction for underage drinking and resisting arrest. (PSR ¶ 28.) He was nineteen years old at the time, below the Tennessee legal drinking age of twenty-one, and was sentenced to eleven months and twenty-nine days. (*Id.*) One criminal history point was assessed for that sentence. (*Id.*, Worksheet C, p. 1.) Bates is correct that juvenile status offenses may not be counted in computing criminal history points. *See* U.S.S.G. § 4A1.2(c)(2); *see also United States v. Cole*, 418 F.3d 592, 599 (6th Cir. 2005) ("[A] juvenile status offense is an offense which is illegal only because of the offender's age."). However, he overlooks the fact that resisting arrest is *not* a juvenile status offense, so that the criminal history point was correctly assessed.

Bates also objects to the use of a 1999 Tennessee conviction for possession of three grams of crack cocaine with intent to sell, (PSR ¶ 31), claiming the conviction does not qualify as a controlled substance offense under the Career Offender guideline. This conviction was used as a predicate offense for the Career Offender designation. On its face the conviction is for a controlled substance offense, and Bates fails to provide any authority in his motion for the assertion that it is not.

3

filing a direct appeal expires. *See United States v. Sferrazza*, 645 F. App'x 399, 406 (6th Cir. 2016) (citing *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-28 (6th Cir. 2004)). Judgment in Bates's criminal case was entered on August 14, 2006, and a timely notice of appeal was due within ten days, on or before August 28, 2006. *See* Fed. R. App. P. 4(b) (2006); *see also* Fed. R. App. P. 26(a)(2) (2006).[3] Bates did not file a timely direct appeal, and his conviction became final on that date.[4] He therefore had until August 28, 2007, to file a timely § 2255 motion. The present motion was not filed until almost nine years later.

In order for these ineffective assistance claims to come within the one-year limitations period, Bates must point to facts supporting the claims that he could not discover, even with the exercise of due diligence, until on or after June 29, 2015. He has not attempted to make such a showing. Therefore, Bates has not demonstrated that § 2255(f)(4) applies to his claims that counsel was ineffective for failing to file an appeal and failing to challenge the use of prior convictions.

Bates also has made no attempt to show that equitable tolling should be applied in this case. "The doctrine of equitable tolling allows federal courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal

---

[3] In 2006, Rule 4(b) prescribed a ten-day period for filing a notice of appeal. In addition, the version of Rule 26 at that time provided that intermediate Saturdays, Sundays and legal holidays were not counted in computing a time period of less than eleven days.

[4] On December 3, 2015, more than nine years after the criminal judgment was entered on August 14, 2006, Bates filed a *pro se* notice of appeal from that judgment. (No. 06-10017, Crim. ECF No. 37.) The appeal was dismissed as untimely by the Sixth Circuit. *United States v. Bates*, No. 15-6340 (6th Cir. Dec. 18, 2015). Bates's late appeal did not restart the already-expired limitations period under any paragraph of § 2255(f).

quotation marks and citation omitted). The § 2255 limitations period is subject to equitable tolling. *Benitez v. United States*, 521 F.3d 625, 630 (6th Cir. 2008); *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001), *abrogated on other grounds by Hall v. Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011); *see also Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling is available for § 2254 petitions).

"The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson*, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In this case, Bates waited almost nine years before claiming that trial counsel was ineffective in failing to file an appeal and to challenge his prior convictions. He has not explained why he delayed so long and has not asserted that any "extraordinary circumstance" prevented him from raising those claims.

In Bates's third ineffective assistance claim, he asserts "[c]ounsel was ineffective for not challenging and filing under [the] Fair Sentencing Act [of] 2010." (ECF No. 1 at PageID 8.) Even if this claim were timely,[5] there is no constitutional right to counsel for motions to reduce sentence filed under 18 U.S.C. § 3582(c)(2). *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *United States v. Tidwell*, 178 F.3d 946, 948-49 (7th Cir. 1999); *United States v. Eversole*, Crim. Action No. 6:13-07-DCR, 2015 WL 7737495, at *3 (E.D. Ky. Nov. 30, 2015); *Buckner v. United*

---

[5] It is not timely because Bates knew his previous counsel would not be filing a § 3582(c)(2) motion based on the FSA on his behalf, at the very latest, on June 10, 2013, when Bates filed his *pro se* motion for reduction of sentence. (No. 06-10017, Crim. ECF No. 27.) Nevertheless, Bates still did not file this § 2255 motion until June 29, 2016, three years later.

*States*, No. 08-15184, 2009 WL 2432681, at *4 (E.D. Mich. Aug. 3, 2009). With no right to counsel, there can be no ineffective assistance.

In addition, even if there were a right to counsel for a § 3582(c)(2) motion to reduce sentence, Bates suffered no prejudice from any failure of counsel to file such a motion. When Bates filed his own *pro se* motion based on the FSA, (No. 06-10017, Crim. ECF No. 27), it was denied on the merits because he was sentenced under the Career Offender guideline, U.S.S.G. § 4B1.1, rather than under the guideline applicable to drug offenses, § 2D1.1. There is no "reasonable probability that, but for counsel's unprofessional errors," the Court would have granted the motion. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Having considered Bates's § 2255 motion, the response of the United States, and the entire record in this case, the Court finds he is not entitled to relief. 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. The § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)

(internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

The issues raised in this § 2255 motion are not debatable for the reasons stated; therefore, the Court DENIES a certificate of appealability. It is also CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that an appeal in this case by Bates would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED. If Bates chooses to appeal, he must either pay the full $505 appellate filing fee to this Court or file a motion to proceed *in forma pauperis* and supporting affidavit directly in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE